IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, ) ) ) Plaintiff, ) ) v. ) ) BLACK BEAUTY COAL COMPANY LLC ) ) ) Defendant. ) ) | CIVIL ACTION NO. 3:09-cv- 025 RLY-WGH JURY TRIAL DEMAND |

## COMPLAINT

This is an action under Title I and Title V of the Americans with Disabilities Act of 1990 ("ADA"), and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of disability, and to provide appropriate relief to Jeff Goff ("Goff"), who was adversely affected by Defendant Black Beauty Coal Company's unlawful hiring practices. As alleged with greater particularity below, Defendant unlawfully refused to provide Mr. Goff with a reasonable accommodation and discharged him from his temporary employment with it because of his disability. Defendant also retaliated against Mr. Goff because he engaged in protected activity.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 107(a) of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12117(a), which incorporates by reference Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-5(f)(1) and (3), and pursuant to § 102 of the Civil Rights of Act of 1991, 42

U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States Court for the Southern District of Indiana, Evansville Division.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission" or "EEOC"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. Defendant Black Beauty is an Indiana Limited Liability Company. At all relevant times, Black Beauty has been doing business in the State of Indiana and the City of Evansville, and has continuously had at least 15 employees.

5. At all relevant times, Defendant Black Beauty has continuously been an employer engaged in an industry affecting commerce under Section 101(5) of the ADA, 42 U.S.C.§ 12111(5), and Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporates by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. §§ 2000e(g) and (h).

6. At all relevant times, Defendant Black Beauty has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## STATEMENT OF CLAIMS

7. More than thirty days prior to the institution of this lawsuit, Goff filed a charge with the Commission alleging violations of Title I and Title V of the ADA by Defendant Black Beauty. All conditions precedent to the institution of this lawsuit have been fulfilled.

8. Since at least 2006, Defendant Black Beauty has engaged in unlawful employment practices in violation of Sections 102 et. seq. of Title I of the ADA, 42 U.S.C. § 12112 et seq. and Sections 503 et seq. of Title V of the ADA, 42 U.S.C. § 12203 et seq. Mr. Goff suffers from learning disabilities including dyslexia and ADHD.

9. Defendant violated Section 102(b)(5)(A) of Title I of the ADA, 42 U.S.C. § 12112(b)(5)A) when it refused to provide Mr. Goff with a reasonable accommodation during the application process to become a permanent employee by refusing to read an entry level test to him.

10. Defendant violated Section 102(a) of Title I of the ADA, 42 U.S.C. § 12112(a) by discharging Mr. Goff from temporary employment because of his disability.

11. Defendant violated Section 503(a) of Title V of the ADA, 42 U.S.C. § 12203(a) by discharging Mr. Goff from temporary employment in retaliation for his engaging in protected activity.

12. The effect of the unlawful employment practices complained of above has been to deprive Goff of equal employment opportunities and otherwise adversely affected his status as an employee and an applicant for employment.

13. The unlawful employment practices complained of in paragraphs eight through eleven above were intentional.

14. The unlawful employment practices complained of in paragraphs eight through eleven above were done with malice or with reckless indifference to the federally protected rights of Mr. Goff.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.  Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from refusing to hire qualified individuals with disabilities or from engaging in any other employment practice which discriminates on the basis of disability.

B.  Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for qualified individuals with disabilities, and which eradicate the effects of its past and present unlawful employment practices

C.  Order Defendant to make Goff whole, by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to instatement of Aleman or order an award of front pay in an amount to be proved at trial if instatement is impractical.

D.  Order Defendant to make whole Goff by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in the paragraphs above, including emotional pain, suffering, inconvenience, loss of enjoyment of life, humiliation, and job search expenses in amounts to be determined at trial.

E.  Order Defendant to pay Goff punitive damages for its malicious and reckless conduct, as described above, in an amount to be determined at trial.

F.  Grant such further relief as the Court deems necessary and proper in the public interest.

G.  Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully submitted,

*[signature]*
LAURIE A. YOUNG,
Regional Attorney, #11480-49

*[signature]*
MICHELLE EISELE,
Supervisory Trial Attorney, #12070-49

*[signature]*
Aimee L. McFerren
Kentucky Bar No.: 89912
Federal I.D. No.: 36953
EQUAL EMPLOYMENT OPPORTUNITY
    COMMISSION
600 Dr. Martin Luther King, Jr. Place
Suite 268
Louisville, KY 40202
502-582-6308
502-582-5435 (fax)
aimee.mcferren@eeoc.gov